IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS KING, | ) | |
|     Plaintiff, | ) | JURY DEMANDED |
| | ) | |
| | ) | |
|     v. | ) | Case No. |
| | ) | |
| STATE OF ILLINOIS | ) | Judge: |
| OFFICE OF COMPTROLLER, | ) | |
|     Defendant. | ) | Magistrate Judge: |
| | ) | |
| | ) | |

## COMPLAINT

NOW COMES the Plaintiff, Marcus King ("King" or "Plaintiff") by and through his undersigned attorneys, and for his Complaint against Defendant, State of Illinois Office of Comptroller ("Defendant"), states as follows:

### NATURE OF CASE

1. The causes of action for the Plaintiffs arise under 42 U.S.C. § 2000 *et seq.*, 42 U.S.C. § 1981 *et seq.*, 42 U.S.C. § 1983 *et seq.*, and 42 U.S.C.S § 12112 *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter based upon 42 U.S.C. § 2000 *et seq.*, 42 U.S.C. § 1981 *et seq.*, 42 U.S.C. § 1983 *et seq.*, 42 U.S.C.S § 12112 *et seq.*, and 28 U.S.C. § 1331.

3. Venue is proper in the Northern District of Illinois. The claims for relief arose in this State as required by 42 U.S.C. § 2000 *et seq.*

1

4. All conditions precedent has been fulfilled by Plaintiff, including filing a charge of discrimination with the Illinois Department of Human Rights ("IDHR"). Charge No. 2021CF0931 is attached and incorporated herein as Exhibit A.

5. Plaintiff has received the requisite Right to Sue letter from the EEOC corresponding to the Charge. The Right to Sue letter is attached hereto and incorporated herein as Exhibit B.

## PARTIES

6. Plaintiff is a resident of the State of Illinois.

7. Plaintiff's race is black.

8. At all relevant times, Defendant was registered to conduct business in the State of Illinois.

9. The Defendant's principal place of business is located at 100 W. Randolph St., Ste 15-500, Chicago, IL 60601, and has substantial business operations in Cook County, Illinois.

10. At all times relevant herein, Defendant engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

11. At all times pertinent herein, King was employed by Defendant.

## GENERAL ALLEGATIONS

12. That Plaintiff commenced his employment with Defendant as a Senior Advisor of Civic Engagement on December 18, 2018.

13. During his employment with Defendant, King's job performance met Defendant's legitimate expectations.

14. During his employment with Defendant, King was supervised by Bola Delano (black, non-American, Deputy Director) and Louisa Keefe (Non-Black, Director).

## COUNT I
## RACIAL HARASSMENT PURSUANT TO SECTION 1981 AND TITLE VII

15. Plaintiff incorporates and re-alleges the preceding paragraphs by reference herein.

16. That Defendant's treatment of Plaintiff violated his right to be free from harassment on the basis of race pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 2000.

17. Plaintiff was subjected to persistent racial harassment by Delano. Such harassment included racially offensive comments, including pervasive use of the word "nigger."

18. Since June 2020, Defendant subjected King to racial harassment.

19. Delano frequently addressed King in a disrespectful and derogatory tone and even yelled at King in front of other co-workers.

20. Delano and Keefe sabotaged King's performance purposefully because they were vague in their instructions, only then to criticize King's work for not meeting their objectives.

21. Thus, Delano and Keefe made it seem as if King's work performance is declining in spite of King actively trying to get clarification via emails and even requesting meetings with Delano.

22. In October 2019, Delano observed Plaintiff in a suit and inquired as to why.

23. Plaintiff responded to Delano's inquiry by saying he wished to dress nicely for work.

24. Delano responded to King by shaking her head and saying, "That ideology is some African-American Nigga Black Shit."

3

25. When Plaintiff complained about Delano's comment to Michelle Cusamano, Director of HR, Cusamano asked Plaintiff why is he offended when rappers say that word all the time.

26. In September 2020, during a meeting Delano made a comment stating that people who are abusing PPE loans the most are Black Americans and that they should be arrested.

27. Even after Delano openly expressed issues with African Americans, Defendant allowed Delano to change King's title to African American Coordinator in October 2019.

28. King's concentration was reduced to African American communities versus the community at large.

29. Additionally, Delano and Keefe denied King access to workshops and presentations related to his job.

30. For instance, a prerequisite to conducting a workshop is to first observe other co-workers conducting them.

31. King was not allowed to observe his co-worker conduct their workshops, as a result, ensuring that King would not be able to conduct his own.

32. Furthermore, King's request to be trained to present to his community partners was denied.

33. Similarly situated non-black employees were not treated in this manner.

34. King found the racial comments to be extremely offensive.

35. The offensive conduct created an objectively hostile and intimidating work environment for King.

36. Defendants condoned the racial harassment of King and failed to maintain a harassment-free work environment by failing to provide adequate training, counseling, and instructions to its employees and officers.

37. Defendants condoned the racial harassment of King and failed to maintain a harassment-free work environment by failing to employ an effective anti-racial harassment policy with respect to its employees and officers.

38. Defendant's treatment of King was motivated by evil motive and intent and was recklessly and callously offensive toward King.

39. The racial harassment that King was subjected to at the hands of Defendant was persistent in nature, unwelcome, extremely offensive, humiliating, and effective in creating a hostile work environment for King.

40. As a further direct and proximate result of said unlawful employment practice, King has suffered the indignity of harassment, the invasion of the right to be free from harassment, and great humiliation.

41. As a further direct and proximate result of said unlawful employment practices, King has suffered extreme mental anguish, outrage, severe anxiety, disruption of his personal life,

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marcus King respectfully requests this Court to provide the following equitable and legal remedies:

a. Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.

b. Order Defendant to cease unlawful racial harassment in its employment practices.

  c. Award Plaintiff backpay, reinstatement, appropriate future earnings, and reimbursement for incoming and fringe benefits lost to the present with statutory interest.

  d. Award Plaintiff costs of litigation, including reasonable attorneys' fees, expert fees, and expenses.

  e. Award Plaintiff a judgment against Defendant for all compensatory damages.

  f. Award Plaintiff a judgment against Defendant for all available damages permitted by law.

  g. Grant such other and further relief as this Court deems just and proper.

## COUNT II
## RACIAL DISCRIMINATION PURSUANT TO SECTION 1981 AND TITLE VII

42. Plaintiff incorporates and re-alleges the preceding paragraphs by reference herein.

43. That Defendant's treatment of Plaintiff violated his right to be free from discrimination on the basis of race pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 2000.

44. That Plaintiff commenced his employment with Defendant as a Senior Advisor of Civic Engagement on December 18, 2018.

45. During his employment with Defendant, King's job performance met Defendant's legitimate expectations.

46. During his employment with Defendant, King was supervised by Bola Delano (Black, non-American, Deputy Director) and Louisa Keefe (Non-Black, Director).

47. King was subjected to persistent racial harassment by Delano. Such harassment included racially offensive comments, including pervasive use of the word "nigger."

48. King found the racial comments to be extremely offensive.

49. The offensive conduct created an objectively hostile and intimidating work environment for King.

6

50. That similarly situated non-black employees' complaints were not subjected to racially offensive and derogatory names.

51. In addition to the foregoing, Defendant demoted King due to his race when his title was changed to African American Coordinator in October 2019 and King's concentration was reduced to African American communities versus the community at large.

52. Defendant discriminated against King due to King's race, Black.

53. Defendant condoned racial discrimination and failed to maintain a discrimination-free work environment by failing to provide adequate training, counseling, discipline, an anti-discrimination policy and instructions to its employees and officers.

54. Defendants condoned the racial discrimination of Robinson and failed to maintain a discrimination-free work environment by failing to employ an effective anti-racial harassment policy with respect to its employees and officers.

55. That the race discrimination to which Plaintiff was subjected to was severe, persistent in nature, unwelcome, extremely offensive, humiliating and effective in creating a hostile and intimidating work environment for Plaintiff, and substantially interfered with Plaintiff's ability to perform his job.

56. That said severe, continuous, and persistent discrimination adversely affected the terms and conditions of Plaintiff's employment.

57. Defendants' treatment of Plaintiff was motivated by evil motive and intent, and was recklessly and callously indifferent to Plaintiff's legally protected rights.

58. As a direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of harassment, the invasion of his right to be free from race-based harassment and discrimination, and great humiliation which has manifested in physical

illness and emotional stress on the relationships between Plaintiff and his friends, family, and colleagues.

59. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered depression, extreme mental anguish, outrage, severe anxiety, shameful embarrassment among his friends, colleagues, and coworkers, damage to his reputation, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marcus King respectfully requests this Court to provide the following equitable and legal remedies:

a. Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited every possible way.

b. Order Defendant to cease unlawful racial discrimination.

c. Award Plaintiff backpay, reinstatement, appropriate future earnings, and reimbursement for incoming and fringe benefits lost to the present with statutory interest.

d. Award Plaintiff costs of litigation, including reasonable attorneys' fees, expert fees, and expenses.

e. Award Plaintiff a judgment against Defendant for all compensatory damages.

f. Award Plaintiff a judgment against Defendant for all available damages permitted by law.

g. Grant such other and further relief as this Court deems just and proper.

## COUNT III
## RACIAL HARASSMENT PURSUANT TO SECTION 1983

60. Plaintiff reincorporates and re-alleges the preceding paragraphs by reference here.

61. Count II is brought pursuant to 42 U.S.C. § 1983 against Defendant.

62. Defendant intentionally subjected King to unequal and discriminatory treatment and created a hostile work environment that altered the conditions of his employment.

63. Defendant refused to protect King from that unequal and discriminatory treatment and a hostile work environment.

64. King was required to endure Delano's racially harassing behavior.

65. Defendant's actions reflect a policy, custom, or pattern of official conduct of engaging in and condoning racially discriminatory behavior.

66. Defendant's actions violated King's equal protection right to be free from racial harassment under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

67. Defendant's actions were intentional, willful, malicious, and in reckless disregard for King's rights.

68. The actions of the Defendant, in intentionally engaging in and condoning racial discrimination and racial harassment against King, have caused him great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, future pecuniary losses, and other consequential damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Marcus King respectfully requests this Court to provide the following equitable and legal remedies:

   h. Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited every possible way.

   i. Order Defendant to cease unlawful racial harassment.

j.  Award Plaintiff backpay, reinstatement, appropriate future earnings, and reimbursement for incoming and fringe benefits lost to the present with statutory interest.

k.  Award Plaintiff costs of litigation, including reasonable attorneys' fees, expert fees, and expenses.

l.  Award Plaintiff a judgment against Defendant for all compensatory damages.

m.  Award Plaintiff a judgment against Defendant for all available damages permitted by law.

n.  Grant such other and further relief as this Court deems just and proper.

## COUNT IV
## RACIAL DISCRIMINATION PURSUANT TO SECTION 1983

69. Plaintiff reincorporates and re-alleges the preceding paragraphs by reference here.

70. Count IV is brought pursuant to 42 U.S.C. § 1983 against Defendant.

71. Defendant intentionally subjected King to unequal and discriminatory treatment and created a hostile work environment that altered the conditions of his employment.

72. Defendant refused to protect King from that unequal and discriminatory treatment and a hostile work environment.

73. King was required to endure Delano's racially harassing behavior.

74. Defendant's actions reflect a policy, custom, or pattern of official conduct of engaging in and condoning racially discriminatory behavior.

75. Defendant's actions violated King's equal protection right to be free from racial discrimination under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

76. Defendant's actions were intentional, willful, malicious, and in reckless disregard for King's rights.

77. The actions of the Defendant, in intentionally engaging in and condoning racial discrimination and racial harassment against King, have caused him great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, future pecuniary losses, and other consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marcus King respectfully requests this Court to provide the following equitable and legal remedies:

a. Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited every possible way.

b. Order Defendant to cease unlawful racial discrimination.

c. Award Plaintiff backpay, reinstatement, appropriate future earnings, and reimbursement for incoming and fringe benefits lost to the present with statutory interest.

d. Award Plaintiff costs of litigation, including reasonable attorneys' fees, expert fees, and expenses.

e. Award Plaintiff a judgment against Defendant for all compensatory damages.

f. Award Plaintiff a judgment against Defendant for all available damages permitted by law.

g. Grant such other and further relief as this Court deems just and proper.

## COUNT V
## DISABILITY DISCRIMINATION PURSUANT TO AMERICANS WITH DISABILITIES ACT

78. Plaintiff reincorporates and re-alleges the preceding paragraphs by reference here.

79. Count V is brought pursuant to 42 U.S.C.S § 12112 against Defendant.

80. King was involved in a serious accident in April 2019.

81. Shortly after the accident occurred, King called his direct supervisor, Keefe that he was seriously injured.

82. A week after the accident occurred, King was informed by his doctor that he had suffered a brain injury that causes a decrease in Plaintiff's cognitive functions.

83. King emailed Cusamano, Director of HR, to inform her that he had been diagnosed with a brain injury.

84. King's brain injury caused him a mental impairment that substantially limits his major life activities, but his injury is unrelated to his ability to perform the essential functions of his job.

85. King went on medical leave from April 2019 to October 2019.

86. Dr. Wang informed King's employer of King's condition by submitting an Occupational Disability Medical Report dated August 24, 2020.

87. Delano frequently addresses King in a disrespectful and derogatory tone, sometimes even yelling at him.

88. King discovered his title changed from Senior Advisor of Civic Engagement to African American Coordinator.

89. After King complained about this, King's job title changed to Community Outreach.

90. Additionally, King's concentration was reduced to African American communities versus the community at large.

91. In October 2019, King returned to medical leave on the advice of his doctor, Dr. Wang.

92. Upon King's return, Delano and Keefe continued to sabotage King's performance by being purposefully vague in their instructions, only then to criticize King's work for not meeting their objectives.

93. Thus, making it seem as if King's work performance is declining.

94. That said severe, continuous, and persistent unlawful employment actions adversely affected the terms and conditions of Plaintiff's employment with Defendant.

95. That Defendant's treatment of Plaintiff was motivated by evil motive and intent and was recklessly and callously indifferent to Plaintiff's protected rights.

96. That as a direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination, the invasion of his right to be free from discrimination, and great humiliation which manifest in physical illnesses and emotional stress on the relationships between Plaintiff and his friends, family, and colleagues.

97. That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered depression, extreme mental anguish, outrage, severe anxiety, shame and embarrassment among his friends, colleagues, and co-workers, damage to his reputation, disruption in his personal life, and loss of enjoyment of the ordinary pleasures of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marcus King respectfully requests this Court to provide the following equitable and legal remedies:

   a. Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited every possible way.

   b. Order Defendant to cease unlawful discrimination on the basis of King's disability.

   c. Award Plaintiff backpay, reinstatement, appropriate future earnings, and reimbursement for incoming and fringe benefits lost to the present with statutory interest.

   d. Award Plaintiff costs of litigation, including reasonable attorneys' fees, expert fees, and expenses.

  e. Award Plaintiff a judgment against Defendant for all compensatory damages.

  f. Award Plaintiff a judgment against Defendant for all available damages permitted by law.

  g. Grant such other and further relief as this Court deems just and proper.

## JURY DEMAND

NOW COME the Plaintiff, Marcus King, by and through their undersigned attorneys, and hereby demand a trial by jury in the above-entitled causes of action.

                   Respectfully Submitted,
                        Marcus King


                   /s/ Uche O. Asonye
                   Plaintiff's Attorney

Uche O. Asonye - 6209522
Asonye & Associates
100 North LaSalle Street, Suite 2115
Chicago, Illinois 60602
312-795-9110